IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| KAREN SOLINSKI, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO. 1:20-cv-05236 |
| | ) | |
| THE HIGHER LEARNING COMMISSION, | ) | JUDGE: |
| and | ) | |
| BARBARA GEKKMAN DANLEY, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, KAREN SOLINSKI, by her attorneys, the Law Firm of MIRABELLA, KINCAID, FREDERICK & MIRABELLA, LLC., and seeks redress for the sexual harassment and retaliation suffered by the Plaintiff in violation of the laws of the United States in her capacity as an employee of the Defendant, THE HIGHER LEARNING COMMISSION, and for other relief based upon pendent State claims, and in support thereof states as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction of this court is invoked and authorized pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. Plaintiff also brings pendent State claims pursuant to Rule 18(a) of the Federal Rules of Civil Procedure.

## PLAINTIFF

2.      Plaintiff, KAREN SOLINSKI (hereinafter "KAREN") is a female citizen, who was employed by Defendant, THE HIGHER LEARNING COMMISSION, on or about August 1, 1981, until on or about March 1, 2018, in the city of Chicago, in which the unlawful employment practices alleged below were committed, in the State of Illinois, within the Northern District thereof.

**DEFENDANTS**

3.     Defendant, THE HIGHER LEARNING COMMISSION, (hereinafter "THLC") at all relevant times herein, was an "employer" with more than fifteen (15) employees in the State of Illinois, within the meaning of Title VII as amended, was qualified to do business and was actually doing business in the State of Illinois, within the Northern District thereof at 230 S. LaSalle Street, Suite 7-500, Chicago,  Illinois 60604.

4.     Defendant, BARBARA GELLMAN DANLEY, (hereinafter "BARBARA"), is an "employer" within the meaning of the Illinois Human Rights Act. BARBARA was doing business in the State of Illinois, within the Northern District thereof at 230 S. LaSalle Street, Suite 7-500, Chicago, Illinois 60604.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

5.     KAREN filed a timely Charge of Discrimination against THLC with the Equal Employment Opportunity Commission (hereinafter EEOC Charge No. 21B-2019-0134) and the Illinois Department of Human Rights (hereinafter IDHR Charge No. 2020CF0963). On June 8, 2020, KAREN received her Notice of Right to Sue Notice from the IDHR. On July 2, 2020, KAREN received her Notice of Right to Sue Notice from the EEOC.

6.     KAREN also filed a timely Charge of Discrimination against BARBARA with the Illinois Department of Human Rights (hereinafter IDHR Charge #2019CN2346). On June 8, 2020, KAREN received her Notice of Right to Sue Notice from the IDHR.

**COUNT I**
**SEXUAL HARASSMENT**
*(Sexual Harassment creating an intimidating, hostile, or offensive work environment*
*in violation of 775 ILCS 5/2-102(D) and 42 U.S.C. § 2000e-2a(a))*

7.     KAREN, a female, is a protected person under Title VII as amended and the Illinois Human Rights Act.

8.      KAREN began her employment with THLC on or about August 1, 1981 and her last position held was Executive Vice President for Legal and Governmental Affairs, reporting to BARBARA, President.

9.      KAREN, at all times, met and/or exceeded THLC's legitimate performance expectations.

10.     During the relevant timeframe, between September 2015 through February 2018, BARBARA subjected KAREN to numerous instances of unlawful sexual harassment. Such instances include, but are not limited to, the following examples:

    a. On a frequent and ongoing basis, BARBARA made public and private comments related to KAREN, which were sexual in nature. KAREN found this behavior embarrassing and BARBARA's statements to be inappropriate and unwanted.

    b. On a frequent and ongoing basis, BARBARA invited KAREN to participate in non-work-related activities, which were related to requests for sexual behavior. At no point did KAREN welcome the invitation and at all times found the requests to be inappropriate.

    c. In or about June 2016, while in a cab, BARBARA pulled herself close to KAREN and brushed her hand up against KAREN's thigh in a sexual manner. KAREN quickly told BARBARA that she was getting too close and that this advancement was unwelcome.

    d. On a frequent and ongoing basis, BARBARA would ask KAREN prying questions about her relationship with men outside the office. At all times KAREN found this behavior to be inappropriate and unwelcome.

e.  In or about June 2017, BARBARA asked KAREN on a date to see a concert and to spend that night at BARBARA's condominium. KAREN declined her invitation.

f.  In or about December 2017, after KAREN got in a car accident, BARBARA tried to pressure KAREN to come and stay at her condominium and BARBARA told KAREN, "I have this condo near where you grew up that I know you would enjoy. I can take care of you and we can get to know each other better and deepen our relationship." KAREN denied the request and felt very uncomfortable and found it to be inappropriate.

g.  In or about January 2018, BARBARA propositioned KAREN again about moving into her condo. KAREN continued to deny BARBARA's sexual and inappropriate advances.

12.   At all times, KAREN found the ongoing pattern of sexual harassment extremely unwelcome and offensive.

13.   Subsequent to denying BARBARA's requests KAREN found that BARBARA was belligerent and hostile in the office and unwilling to work cooperatively with KAREN or encourage other employees to do so.

14.   At all times, KAREN rejected BARBARA's, unwelcome and offensive sexual conduct, and complained to BARBARA so that she might cease the patten of sexual harassment.

15.   In or about February 2018, KAREN complained about BARBARA's sexual harassment to Sarah Byrne, (hereinafter "SARAH") Director of Human Resources at THLC.

16.   Despite KAREN's complaint, THLC took no actions to correct or stop BARBARA's sexually harassing conduct.

17.     Instead of taking any actions to stop the sexually harassing conduct, KAREN was terminated on March 1, 2018 with no previous discipline or warning.

18.     The ongoing pattern of sexual harassment had the effect of, and did create, a hostile, intimidating, and extremely abusive work environment for KAREN, and had the purpose and effect of substantially interfering with KAREN's ability to perform the duties of her job.

19.     As a direct result of the unwelcome and offensive sexual harassment, KAREN suffered damages including, but not limited to, lost wages and benefits, severe emotional distress, pain and suffering, humiliation, and damage to her professional and personal reputation.

WHEREFORE, Plaintiff, KAREN SOLINSKI, respectfully requests a judgment against DEFENDANTS, THE HIGHER LEARNING COMMISSION and BARBARA GELLMAN DANLEY, under Count I, as follows:

A.     Compensatory damages for back pay, front pay, and interest thereon;

B.     Compensatory damages for the severe humiliation, severe emotional stress, pain and suffering and physical distress caused as a direct and proximate result of the sexual harassment;

C.     Punitive damages;

D.     A reasonable attorney's fee;

E.     Clearing of her personnel file of all false information;

F.     Costs; and,

G.     Such further relief as is equitable and just.

## COUNT II
## QUID PRO QUO

*(Sexual Harassment as an express or implied term of employment and used as a basis for an employment decision in violation of 775 ILCS 5/2-102(D) and 42 U.S.C. § 2000e-2(a))*

1-19. Paragraphs 1-19 of Count I, are incorporated herein as Paragraphs 1-18 of Count II, as if fully set forth herein.

20. BARBARA implicitly conditioned KAREN's employment and professional advancement on submission and acceptance of the unwelcome sexual harassment.

21. In or about January 2018, as a result of KAREN refusing to adhere to BARBARA's sexual advances, BARBARA began to nitpick KAREN, looking for any fault she could find in KAREN's performance.

22. In or about January 2018, as a result of KAREN refusing to adhere to BARBARA's sexual advances, BARBARA asked KAREN's co-workers to scan KAREN's email for signs of a relationship with a man about whom BARBARA was jealous.

23. On or about February 23, 2018, Anthea Sweeney, Vice President for Accreditation Relations, informed KAREN that BARBARA was unhappy with KAREN and that KAREN would lose her job if she did not personally meet with BARBARA at BARBARA's home on or about February 24, 2018.

24. Inasmuch as KAREN did not submit to BARBARA's sexual advancements, BARBARA used KAREN's rejection as a basis for the employment decision to terminate her position with THLC.

25. As a direct result of the unwelcome and offensive sexual harassment being used as an implicit term of KAREN's employment, KAREN suffered damages including, but not limited

to, lost wages and benefits, severe emotional distress, pain and suffering, humiliation, and damage to her professional and personal reputation.

WHEREFORE, Plaintiff, KAREN SOLINSKI, respectfully requests a judgment against DEFENDANTS, THE HIGHER LEARNING COMMISSION and BARBARA GELLMAN DANLEY, under Count II, as follows:

A.      Compensatory damages for back pay, front pay, and interest thereon;

B.      Compensatory damages for the severe humiliation, severe emotional stress, pain and suffering and physical distress caused as a direct and proximate result of the sexual harassment;

C.      Punitive damages;

D.      A reasonable attorney's fee;

E.      Clearing of her personnel file of all false information;

F.      Costs; and,

G.      Such further relief as is equitable and just.

## COUNT III
## RETALIATION
*(Retaliation based upon opposition to sexual harassment*
*in violation of 775 ILCS 5/6-101(A) and 42 U.S.C. § 2000e-3(a))*

1-25.   Paragraphs 1-25 of Count II, are incorporated herein as Paragraphs 1-23 of Count III, as if fully set forth herein.

26.     Between September 2015, and continuing through February 2018, KAREN was subjected to unwelcome and offensive sexual harassment by BARBARA.

27.     During the relevant time, KAREN complained directly to BARBARA about the unwelcome and offensive conduct within the workplace and to THLC's Human Resource department and requested that BARBARA cease the pattern of sexual harassment.

28.     By opposing sexual harassment and complaining to BARBARA and THLC, KAREN engaged in an activity protected under the Illinois Human Rights Act.

29.     Due to and as a direct result of this protected activity, THLC, began a course of retaliation designed to penalize and detrimentally affect the terms, conditions, and privileges of KAREN's employment:

   a.     On or about March 1, 2018, THLC terminated KAREN for false and pretextual reasons.

   b.     In or about the beginning of March 2018, THLC prematurely canceled KAREN's medical benefits.

   c.     In or about March 2018, THLC denied KAREN access to her tax and payroll records.

   d.     In or about March 2018, THLC remotely wiped or deleted all the data on her laptop computer, deleting important work-related and personal information.

   e.     In or about March 2018, THLC did not allow KAREN to clean out her office and retrieve personal possessions.

   f.     In or about March 2018, THLC did not allow KAREN to transfer her work records and projects while Executive Vice President to current employees of THLC.

   g.     On or about March 16, 2018, KAREN requested to be reinstated to her position.  However, in retaliation for engaging in protected activity and complaining about sexual harassment, THLC denied KAREN's reinstatement without basis.

30.     As a direct result of retaliation for her opposition to unlawful sexual harassment, KAREN suffered damages including, but not limited to, lost wages and benefits, severe emotional distress, pain and suffering, humiliation, and damage to her professional and personal reputation.

WHEREFORE, Plaintiff, KAREN SOLINSKI, respectfully requests a judgment against DEFENDANT, THE HIGHER LEARNING COMMISSION under Count III, as follows:

A.      Compensatory damages for back pay, front pay, and interest thereon;

B.      Compensatory damages for the severe humiliation, severe emotional stress, pain and suffering and physical distress caused as a direct and proximate result of the sexual harassment;

C.      Punitive damages;

D.      A reasonable attorney's fee;

E.      Clearing of her personnel file of all false information;

F.      Costs; and,

G.      Such further relief as is equitable and just.

## COUNT IV
## VIOLATION OF THE GENDER VIOLENCE ACT, (740 ILCS 82/1, *et. seq.*)

1-30.    Paragraphs 1-30 of Count III, are incorporated herein as Paragraphs 1-30 of Count IV, as if fully set forth herein.

31.    BARBARA's sexual assault upon KAREN when she pulled herself close to KAREN and brushed her hand up against KAREN's thigh in a sexual manner constitutes unlawful gender-related violence in violation of the Gender Violence Act, 740 ILCS 82/5.

32.    By not taking any disciplinary action towards BARBARA for the sexual harassment and sexual assaults committed by BARBARA, THLC, has created an atmosphere that instead of discouraging this behavior, assists BARBARA in committing such acts in violation of the Gender Violence Act, 740 ILCS 82/10.

WHEREFORE, Plaintiff, KAREN SOLINSKI, respectfully requests a judgment against DEFENDANTS, THE HIGHER LEARNING COMMISSION and BARBARA GELLMAN DANLEY, under Count IV, as follows:

A.      That judgment be entered against both Defendants for actual damages, emotional distress damages, and punitive damages in an amount to be determined by a trier of fact, pursuant to 740 ILCS 82/15;

B.      That this Court award   Plaintiff her reasonable attorneys' fees and costs. pursuant to 740 ILCS 82/15; and

C.   That this Court award any such other relief as this Court deems just and equitable.


Respectfully submitted,

_Karen L Solinski (Sep 3, 2020 13:14 CDT)_
_____

KAREN SOLINSKI

I, KAREN SOLINSKI, being first duly sworn on oath, depose and state under penalty of perjury that I am the Plaintiff in this Complaint, that I have read the foregoing; and that all of the allegations contained therein are true and correct.

*Karen L Solinski (Sep 3, 2020 13:14 CDT)*

KAREN SOLINSKI

SUBSCRIBED and SWORN to
before me this 3rd day
of _September_, 2020

_____
Notary Public

```
OFFICIAL SEAL
CIERRA DEGLEFFETTI
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/12/21
```

Counsel for the Plaintiff affixes his signature hereto and on information and belief is of the opinion that the foregoing is true and accurate and conforms in good faith with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

George Frederick of
Mirabella, Kincaid, Frederick & Mirabella, LLC
One of Plaintiff's Attorneys

Mirabella, Kincaid, Frederick & Mirabella, LLC
Attorneys for Plaintiff
1737 S. Naperville Road, Suite 100
Wheaton, Illinois 60189
(630) 665-7300
(630)665-7609
george@mkfmlaw.com