UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAREN SOLINSKI, ) | |
| ) | Case No. 1:20-cv-05236 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| THE HIGHER LEARNING COMMISSION and ) | |
| BARBARA GELLMAN-DANLEY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Karen Solinski ("Solinski") brings this action against The Higher Learning Commission ("THLC") and Barbara Gellman-Danley ("Gellman-Danley") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C §§ 2000e, *et seq.*, the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/2-102, *et seq.*, and the Illinois Gender Violence Act ("IGVA"), 740 ILCS 82/1, *et seq.* Defendants move to dismiss the Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court denies defendants' motion to dismiss in its entirety.

**Background**

The following allegations are taken as true for the purpose of ruling on this motion. THLC is an independent corporation that accredits degree-granting post-secondary educational institutions. Its headquarters are in Chicago, Illinois. Gellman-Danley is THLC's president and Solinski's former supervisor. Solinski began working at THLC in 1981, and her last position at the company was as Executive Vice President for Legal and Governmental Affairs. In this role, she reported directly to Gellman-Danley.

Solinski alleges that Gellman-Danley sexually harassed her between September 2015 and February 2018. She alleges that over this period Gellman-Danley frequently made inappropriate

sexual comments relating to Solinski in public and in private, invited Solinski to non-work-related activities that were sexual in nature, and asked prying questions about Solinski's relationships with men outside of the office. Solinski further asserts that in June 2016 Gellman-Danley pulled herself close to Solinski in a cab and brushed her hand up Solinski's thigh in a sexual manner.

Gellman-Danley asked Solinski on a date in June 2017 to see a concert and spend the night in her condominium. Solinski declined. In December 2017, Solinski was in a car accident. According to Solinski, Gellman-Danley pressured her to stay at her condo while she recovered in order to "deepen their relationship." Solinski denied this offer. Gellman-Danley asked Solinski to move in with her again in January 2018, and Solinski rejected her offer.

Because of these consistent rejections, Solinski alleges, Gellman-Danley began to treat her differently at work. In January 2018, Gellman-Danley began to nitpick Solinski's work, and asked coworkers to scan Solinski's emails for signs of a romantic relationship. Around February 23, 2018, THLC's Vice President of Accreditation Relations, Anthea Sweeney, told Solinski that Gellman-Danley was unhappy and that Solinski would lose her job if she did not meet with Gellman-Danley on February 24, 2018, at her home.

Solinski consistently asked Gellman-Danley to stop the harassing behavior. On February 24, 2018, Solinski complained about Gellman-Danley's inappropriate conduct to the Director of Human Resources, Sarah Byrne. Thereafter, Solinski alleges that THLC took no actions to stop or correct Gellman-Danley's actions. On March 1, 2018, THLC terminated Solinski's employment. Solinski requested to be reinstated to her position on March 16, 2018, but was denied.

On December 21, 2018, Solinski filed a Complainant Information Sheet with the Illinois Department of Human Rights ("IDHR"). The Equal Employment Opportunity Commission ("EEOC") and IDHR have a workshare agreement in which a charge filed with the IDHR is considered simultaneously filed with the EEOC. IDHR docketed the Complainant Information

Sheet as an unperfected charge and sent defendants notice that Solinski had filed a complaint of unlawful discrimination against them. Solinski completed the necessary steps and perfected her Charge on June 24, 2019, before her June 25, 2019 deadline. On June 8, 2020, Solinski received her right to sue notice from IDHR. On July 2, 2020, Solinski received her right to sue notice from the EEOC. She filed her Complaint in this Court on September 3, 2020.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, the plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). When ruling on a motion to dismiss, courts "may consider documents attached to the pleadings so long as the documents are referred to in the complaint and central to the plaintiff's claims." *Doe v. Columbia Coll. Chicago*, 933 F.3d 849, 854 (7th Cir. 2019).

**Discussion**

Solinski alleges: (1) defendants engaged in sexual harassment creating an intimidating, hostile, or offensive work environment in violation of Title VII and IHRA; (2) Gellman-Danley used sexual harassment as an express or implied term of employment and as a basis for an

employment decision—formerly known as "quid pro quo" harassment[1]—in violation of Title VII and IHRA; (3) defendants retaliated against Solinski based on her protected conduct under Title VII and IHRA; and (4) defendants violated IGVA. Defendants argue that Solinski's claims under Title VII and IHRA are time-barred, that she has failed to allege causation in her retaliation claim, that IGVA does not impose liability on corporations, and that she does not properly allege a battery under IGVA.

*Timeliness*

Defendants first argue that each of Solinki's claims under Title VII and IHRA—Counts I, II, and III—are time-barred. Before filing a lawsuit in federal court, a plaintiff must timely file a Charge with the IDHR or the EEOC within 300 days after the last alleged violation of the relevant statute. 775 ILCS 5/7A-102; 42 U.S.C. § 2000e-5(e)(1). A Charge is sufficient if in writing it precisely describes the parties and the unlawful action or practices. 29 C.F.R. § 1601.12(b). Further, a plaintiff may amend a Charge to "cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein." *Id.* This amended Charge will relate back to the date of the original filing. *Id.*

Solinski filed her Complainant Information Sheet with the IDHR (and the EEOC simultaneously) on December 21, 2018. Although the Charge was at that point unperfected, it was

---

[1] Solinski improperly uses the term "quid pro quo" in her Complaint. As the Seventh Circuit explained in *Wolf v. Northwest Indiana Symphony Society*, 250 F.3d 1136, 1141–42 (7th Cir. 2001), federal courts no longer recognize quid pro quo as a distinct category of harassment:

> Recently, the Supreme Court abandoned the commonly used categories of hostile work environment harassment and quid pro quo harassment, opting instead to distinguish between cases in which the supervisor takes a tangible employment action against the subordinate and those in which she does not. *See Burlington Indus. v. Ellerth*, 524 U.S. 742, 760–65, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 807, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998).

As such, this Court will treat Solinski's harassment and quid pro quo claim in the categories described above.

written, precisely named the defendants, and described the unlawful actions and practices.  Solinski perfected the Charge on June 24, 2019, before the deadline to do so, and defendants were notified.  The 300-day window, ending on December 21, 2018 when Solinski filed her Charge, begins on February 24, 2018.  The Charge is thus timely if, absent any exceptions, the relevant acts underlying its claims occurred within that window.

Solinski first alleges harassment through a hostile work environment, rather than a discrete act.  Harassment claims of this kind involve a number or pattern of acts that, even if not actionable on their own, collectively constitute a hostile work environment.  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115–18, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002) (citing 42 U.S.C. § 2000e–5(e)(1)).  To determine a hostile work environment claim's timeliness, courts apply a theory of "continuing violations," taking the charge as timely "as long as 'any act falls within the statutory time period,' even if the charge encompasses events occurring prior to the statutory time period."  *Adams v. City of Indianapolis*, 742 F.3d 720, 730 (7th Cir. 2014) (quoting *Morgan*, 536 U.S. at 120).  Here, Solinski alleges that defendants' harassment culminated with her refusal to stay over at Gellman-Danley's home on February 24, 2018, after Anthea Sweeney urged her to do so, and with her complaint to THLC's HR Director being ignored on February 24, 2018.  As explained above, Solinski filed her Complainant Information Sheet on December 21, 2018, the last day in the 300-day window following these acts.  Accordingly, her hostile work environment claim is timely.

Solinski's quid pro quo—or, more accurately, harassment based on a tangible employment action—and retaliation claims, in contrast, involve discrete acts.  Each "incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'" for purposes of timeliness, and "starts a new clock for filing charges alleging that act."  *Adams*, 742 F.3d at 730 (quoting *Morgan*, 536 U.S. at 114).  Solinski alleges that THLC discriminated against her by firing her on March 1, 2018.  She further alleges that THLC retaliated

against her for complaining about Gellman-Danley's actions by denying her request for reinstatement on March 16, 2018. Both of these actions took place within the relevant 300-day window described above. Solinski's claims of harassment and retaliation are both timely under Title VII and IHRA. Defendants' motion to dismiss Counts I, II, and III as time-barred is denied.

*Retaliation Claim*

Next, defendants argue that Solinski failed to allege any adverse action that occurred after she engaged in statutorily protected conduct. Put differently, defendants argue that she failed to allege causation in her retaliation claim. Because defendants raise this issue for the first time in their reply brief it is waived. *See Thorncreek Apartments III, LLC v. Mick*, 886 F.3d 626, 636 (7th Cir. 2018). The Court accordingly declines to address this argument.

*IGVA*

In Count IV, Solinksi brings a claim under Illinois' Gender Violence Act ("IGVA"). Section 5 of IGVA defines "gender-related violence" as "[o]ne or more acts of violence or physical aggression satisfying the elements of battery under the laws of Illinois that are committed, at least in part, on the basis of a person's sex" and "[a] physical intrusion or physical invasion of a sexual nature under coercive conditions satisfying the elements of battery under the laws of Illinois." 740 ILCS 82/5. Under the Illinois criminal code, a "person commits battery if he or she knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILCS 5/12-3.

Defendants' first argument that Solinski failed to allege she suffered any bodily harm is a non-starter. Solinski need only allege that Gellman-Danley made physical contact that was insulting and provoking in nature, which she has done by stating that Gellman-Danley pulled herself close to Solinski and brushed her hand against Solinski's thigh in a sexual manner while they were in a cab together. Solinski further alleges that at that time, she told Gellman-Danley that she was getting too

close and that this advancement was not welcome.

Next, THLC argues Solinksi failed to sufficiently allege that Gellman-Danley engaged in the alleged conduct with the knowledge that it would cause insult or provoke Solinski. Under the federal pleading standards, however, the Court construes the allegations and all reasonable inferences in Solinski's favor. From Solinski's allegations, where she states that Gellman-Danley repeatedly engaged in unwanted conduct despite Solinski explaining the advances were not welcome, it is reasonable to infer that Gellman-Danley had knowledge that her conduct provoked Solinski.

Last, THLC contends that the Court must dismiss Solinski's claim against it because THLC is not a "person" who can be sued under IGVA. Some courts in this district have concluded that the term "person" means "natural persons"—not corporations or municipalities, *see, e.g., Fuesting v. Uline, Inc.*, 30 F.Supp.3d 739, 742 (N.D. Ill. 2014) (Gettleman, J.), while others have reached the opposite conclusion. *See Smith v. Rosebud Farmstand,* 909 F.Supp.2d 1001 (N.D. Ill. 2012) (Dow, J.). Meanwhile, the Illinois Appellate Court, Third District, has held that "under some circumstances, a legal entity, such as a corporation, can act 'personally' for purposes of giving rise to civil liability under the Act." *Gasic v. Marquette Mgmt., Inc.,* 146 N.E.3d 10, 13, 438 Ill.Dec. 256, 259, 2019 IL App (3d) 170756, ¶ 16 (3d Dist. 2019). Because the Illinois Appellate Court has concluded that a corporation can be liable under IGVA under certain circumstances, the Court denies THLC motion to dismiss Count IV at this juncture.

**Conclusion**

For the foregoing reasons, this Court denies defendants' motion in its entirety [10].
IT IS SO ORDERED.

Date: 4/7/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge